IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION



UNITED STATES OF AMERICA

v.                                                         CRIMINAL NO. 2:15cR 15 KS-mTP

LARRY CARLTON JENKINS and                18 U.S.C. § 371
ANNIE ELIZABETH JENKINS                      18 U.S.C. § 1347
                                                                     18 U.S.C. § 1035(a)(1) & (2)

**The Grand Jury charges:**

At all times relevant to this indictment:

   1. The defendants, **LARRY CARLTON JENKINS and ANNIE ELIZABETH JENKINS**, owned and operated AVAILABLE MEDICAL SUPPLIES, INC., a business which purported to provide medical equipment and compounded inhalation drugs in and around Laurel, Mississippi. All business operations and agency decisions were made from the Laurel, Mississippi office.

   2. AVAILABLE MEDICAL SUPPLIES, INC., was incorporated, on or about October 8, 2010, in the State of Mississippi and maintained its principal place of business in Laurel, Mississippi.

   3. On or about November 17, 2000, defendant **LARRY CARLTON JENKINS** executed a HCFA From 855S, Medicare/Federal Health Care Provider/Supplier Enrollment Application, Durable Medical Equipment, Prosthetics, Orthotics, and Supplies (DMEPOS) Supplier Application (Application). This Application was used to request a provider number in order to bill and be paid by Medicare. Defendant **LARRY CARLTON JENKINS** is shown as the Owner of AVAILABLE MEDICAL SUPPLIES, INC.

1

Inside this Application, Jenkins certified that he was familiar with and agreed to abide by the Medicare or other federal health care program laws, regulations and program instructions that apply to my provider/supplier type; and that the Medicare laws, regulations and instructions were available through the Medicare Contractor. Furthermore, defendant **LARRY CARLTON JENKINS** certified that he would not knowingly present or cause to be presented a false or fraudulent claim for payment by the Medicare or other federal health care program and would not submit claims with deliberate ignorance or reckless disregard of their truth or falsity.

4. On or about January 22, 2001, AVAILABLE MEDICAL SUPPLIES, INC. was issued Medicare supplier number 3939790001, to be used for filing claims to Medicare for DMEPOS supplies.

5. On or about December 29, 2003, defendant **LARRY CARLTON JENKINS** submitted an Application for the purpose of re-enrollment into the Medicare Program. Defendant **LARRY CARLTON JENKINS** is shown as the Owner and Managing Employee of AVAILABLE MEDICAL SUPPLIES, INC. Defendant **ANNIE ELIZABETH JENKINS** is shown as a Contact Person from AVAILABLE MEDICAL SUPPLIES, INC. Defendant **LARRY CARLTON JENKINS** made the same certifications in this Application as in the initial Application.

6. On or about October 27, 2005, defendant **LARRY CARLTON JENKINS** submitted a third Application indicated a change of information. Again, defendant **LARRY CARLTON JENKINS** made the same certifications in this Application as in the initial Application.

7. On or about March 19, 2007, defendant **LARRY CARLTON JENKINS** submitted a fourth Application for the purpose of re-enrollment. Defendant **LARRY CARLTON JENKINS** is shown as the Owner and Managing Employee of AVAILABLE MEDICAL SUPPLIES, INC.

Defendant **ANNIE ELIZABETH JENKINS** is shown as a Contact Person from AVAILABLE MEDICAL SUPPLIES, INC. Defendant **LARRY CARLTON JENKINS** made the same certifications in this Application as in the initial Application.

8. On or about February 11, 2008, defendant **LARRY CARLTON JENKINS** signed and submitted an Electronic Data Interchange Agreement (EDI). The EDI Agreement provided AVAILABLE MEDICAL SUPPLIES, INC. with the ability to file claims electronically to Medicare for payment.

9. On or about April 30, 2008, defendant **LARRY CARLTON JENKINS** signed and submitted a fifth Application in order to change the business mailing address. Defendant **LARRY CARLTON JENKINS** is shown as the Authorized Official and as such, he made the same certifications in this Application.

10. On or about December 16, 2010, defendant **LARRY CARLTON JENKINS** signed and submitted a sixth Application indicating a change in information. Defendant **LARRY CARLTON JENKINS** is shown as the Owner and Manager for AVAILABLE MEDICAL SUPPLIES, INC. Defendant **ANNIE ELIZABETH JENKINS** is shown as a Managing Employee and Delegated Official for AVAILABLE MEDICAL SUPPLIES, INC. When both defendants **LARRY CARLTON JENKINS and ANNIE ELIZABETH JENKINS** signed the Application as a Delegated Official, they both certified to the same certifications as defendant **LARRY CARLTON JENKINS** certified in the initial Application.

11. On or about December 16, 2010, defendant **LARRY CARLTON JENKINS** signed and submitted an Electronic Funds Transfer Agreement (EFT Agreement).

The EFT Agreement directed that all Medicare payments be deposited into Regions Bank Account xxxxxx3705, a checking account in the name of AVAILABLE MEDICAL SUPPLIES, INC.

### **The Medicare Program**

12. Medicare is a federally funded health insurance program designed primarily for the elderly. Medicare was created in 1965 pursuant to Title XVIII of the Social Security Act.

13. Medicare is a federal health care benefit program as defined by Title 18, United States Code, Section 24(b), which funds certain health care services provided to the elderly, the blind, and the disabled.

14. Medicare has various parts which relate to the nature of the services rendered to the Medicare patients who are known as beneficiaries. Medicare Part A covers the costs of hospital services and related care. Medicare Part B covers the cost of physicians' services and other ancillary services not covered by Part A. Medical supplies and inhalation drugs are covered by Medicare Part B.

15. The Centers for Medicare and Medicaid Services (CMS) of the Department of Health and Human Services administers the Medicare program.

16. During the time period covered in this indictment, CMS contracted with CGS Administrators, LLC to manage the Medicare program in the State of Mississippi, including the enrollment of medical providers and the processing of claims for services rendered to Medicare beneficiaries in the State of Mississippi for all DMEPOS suppliers.

17. Upon becoming certified, the Medicare provider, whether a clinic or an individual, is assigned a provider identification number [PIN] for billing purposes. When the medical provider renders a service, he/she submits a claim for reimbursement to the Medicare carrier.

18. With respect to the claims billed by AVAILABLE MEDICAL SUPPLIES, beginning on July 1, 2007, CMS revised nationwide policy regarding compounded inhalation solutions. After July 1, 2007, all compounded inhalation solutions were denied as not medically necessary for dates of service on or after July 1, 2007.

### **Billing Codes**

19. Health care providers use a uniform system of coding to report professional services, procedures, supplies, and diagnoses. Each year, the American Medical Association (AMA) publishes the Current Procedural Terminology Manual (the "CPT Manual") which sets forth numerical codes ("CPT codes") for medical procedures.

20. The Healthcare Common Procedure Coding System (HCPCS, pronounced "hick picks") is a set of health care procedure codes based on the CPT Manual. The HCPCS codes are alphanumeric and primarily include non-physician services such as drugs administered by a medical provider. "J codes" describe drugs administered other than oral method, chemotherapy drugs.

21. Both the CPT Manual and HCPCS are published and updated yearly.

22. Each claim form must contain the five-digit CPT billing code identifying the service provided to a beneficiary on a particular date. The CPT Manual defines the procedural and medical requirements that must be met in order to bill for a particular service, including, in some instances, the amount of a particular drug given during an office visit.

23. In order to receive reimbursement for a covered service from Medicare, a provider must submit a claim form (e.g. a HFCA-1500 form) containing the required information appropriately identifying the provider, patient, and services rendered. This information is typically submitted electronically.

24. Services allegedly provided by AVAILABLE MEDICAL SUPPLIES, INC., were reported and claimed under various CPT codes, including J7614, J7620, and J7626. Each of these CPT codes routinely used by AVAILABLE MEDICAL SUPPLIES, INC., were described as a "non-compounded" unit.

## COUNT 1

25. From on or about November 1, 2009, and continuing thereafter until on or about August 4, 2010, in Jones County in the Eastern Division of the Southern District of Mississippi and elsewhere, the defendants, **LARRY CARLTON JENKINS and ANNIE ELIZABETH JENKINS** did knowingly and willfully conspire and agree with each other and with other persons, both known and unknown to the Grand Jury, to commit certain offenses against the United States, to wit: to violate Section 1347, Title 18, United States Code, the Health Care Fraud statute, that is, to knowingly and willfully execute and attempt to execute a scheme or artifice to (1) defraud a health care benefit program; namely, Medicare; and (2) obtain money by means of materially false and fraudulent pretenses and representations, which represented funds owned by, and under the custody and control of, a health care benefit program, namely Medicare, in connection with the delivery of or payment for health care benefits, items and services, that is to falsely bill Medicare in order to fraudulently obtain money.

### Object of the Conspiracy

26. It was the object of the conspiracy to unlawfully enrich the defendants, **LARRY**

CARLTON JENKINS and ANNIE ELIZABETH JENKINS, by falsely billing Medicare for ineligible inhalation drugs. During the conspiracy, the following billings and payments were made to AVAILABLE MEDICAL SUPPLIES, INC.:

| CLINIC | BILLED | PAID | DATES OF SERVICE |
|---|---|---|---|
| AVAILABLE MEDICAL SUPPLIES, INC. | $349,896.06 | $223,593.87 | 11/1/2009 to 8/4/2010 |

### Manner and Means

The manner and means of the conspiracy and the scheme to defraud included, but were not limited to, the following:

27. The defendants, **LARRY CARLTON JENKINS and ANNIE ELIZABETH JENKINS**, would and did bill Medicare for compounded inhalation drugs as if they were non-compounded drugs.

28. For each Medicare payment received by AVAILABLE MEDICAL SUPPLIES, INC., the above material representations were knowingly false and fraudulently made to Medicare.

### Overt Acts

29. In furtherance of the conspiracy to commit Health Care Fraud and to effect the objects thereof, the following overt acts, among others, were committed in the Southern District of Mississippi and elsewhere:

    a. The defendants, **LARRY CARLTON JENKINS and ANNIE ELIZABETH JENKINS**, hired and caused to be hired numerous employees to work in the AVAILABLE MEDICAL SUPPLIES, INC., Laurel, Mississippi, including employees who were licensed to fill prescription drugs.

b. The defendants, **LARRY CARLTON JENKINS and ANNIE ELIZABETH JENKINS,** instructed employees to bill Medicare in a manner which misrepresented the nature of inhalation drugs actually provided by AVAILABLE MEDICAL SUPPLIES, INC.

c. Defendants **LARRY CARLTON JENKINS and ANNIE ELIZABETH JENKINS** caused false claims to be submitted and instructed their employees to submit false claims to a health care benefit program seeking reimbursement for compounded inhalation drugs provided to patients, in direct violation of Medicare rules and regulations.

d. The defendants, **LARRY CARLTON JENKINS and ANNIE ELIZABETH JENKINS,** knowingly submitted claims and caused claims to be submitted with a J code describing the drug as "non-compounded", knowing that the drugs provided to Medicare beneficiaries were in fact compounded.

All in violation of Section 371, Title18, United States Code.

## COUNTS 2-4

Paragraphs 1 through 29 of Count One above are re-alleged and incorporated herein by reference as if set out in full.

### The Scheme to Defraud

30. From on or about November 1, 2009, and continuing thereafter until on or about August 4, 2010, in Jones County in the Eastern Division of the Southern District of Mississippi and elsewhere, the defendants, **LARRY CARLTON JENKINS and ANNIE ELIZABETH JENKINS** knowingly and willfully devised and intended to devise a scheme and artifice to defraud a health care program [hereinafter the health care fraud scheme] and to obtain money and property from a health care benefit program by means of materially false and fraudulent pretenses

8

and representations, the defendants, **LARRY CARLTON JENKINS and ANNIE ELIZABETH JENKINS**, submitted and caused to be submitted false and fraudulent claims to Medicare for non-compounded inhalation drugs, knowing that the pretenses and representations were false when made, in violation of Section 1347, Title, 18, United States Code.

### Objects of the Scheme to Defraud

31. That the primary objects of the health care fraud scheme were a) to defraud a health care benefit program, namely, Medicare; b) to obtain payment for compounded inhalation drugs which were not covered by Medicare; and c) to unlawfully enrich the defendants, by obtaining money from a health care benefit program based upon fraudulent claims submitted to a health care benefit program, namely, Medicare.

### Manner and Means of Accomplishing the Scheme to Defraud

32. That the following were the manner and means of accomplishing the scheme to defraud:

a. In order to accomplish the health care fraud scheme, the defendants, **LARRY CARLTON JENKINS and ANNIE ELIZABETH JENKINS**, hired and caused to be hired numerous employees to work in AVAILABLE MEDICAL SUPPLIES, INC.

b. To further accomplish the health care fraud scheme, the defendants, **LARRY CARLTON JENKINS and ANNIE ELIZABETH JENKINS**, instructed these employees to falsely bill Medicare in a manner which misrepresented the nature of inhalation drugs actually provided.

c. To further accomplish the health care fraud scheme, the defendants, **LARRY CARLTON JENKINS and ANNIE ELIZABETH JENKINS**, instructed employees of AVAILABLE MEDICAL SUPPLIES, INC., to bill inhalation drugs as non-compounded inhalation drugs, knowing the inhalation drugs provided were in fact compounded inhalation drugs.

9

## Execution of the Scheme to Defraud

33. That, from on or about the dates listed in the schedule below, in Jones County in the Eastern Division of the Southern District of Mississippi and elsewhere, the defendants, **LARRY CARLTON JENKINS and ANNIE ELIZABETH JENKINS,** for purposes of executing and attempting to execute the scheme to defraud, the defendants, **LARRY CARLTON JENKINS and ANNIE ELIZABETH JENKINS,** submitted, and caused to be submitted, false and fraudulent claims to Medicare for compounded inhalation drugs in the amounts indicated, to wit:

| CT | CLAIM DATE | CPT CODE | CLAIM NO. | BILLED AMT |
|---|---|---|---|---|
| 2 | 07/15/2010 | J7620 | 10211713128000 | $31.25 |
| 3 | 08/01/2010 | J7626 | 10256756063000 | $349.42 |
| 4 | 07/20/2010 | J7614 | 10211713153000 | $103.68 |

All in violation of Sections 1347 and 2, Title 18, United States Code.

### COUNTS 5-7

34. That the allegations of paragraphs 1 through 33 above are incorporated herein by reference as if set forth fully herein.

35. From on or about November 1, 2009, and continuing thereafter until on or about August 4, 2010, in Jones County in the Eastern Division of the Southern District of Mississippi and elsewhere, the defendants, **LARRY CARLTON JENKINS and ANNIE ELIZABETH JENKINS,** knowingly and willfully did falsify, conceal and cover up by a scheme or device material facts, and did knowingly and willfully make and use materially false writings and documents knowing the same to contain materially false, fictitious and fraudulent statements and entries, in connection with the delivery of, and payments for, health care benefits by a health care benefit program, as defined in

Case 2:15-cr-00015-KS-MTP   Document 3   Filed 06/23/15   Page 11 of 12

Title 18, United States Code, Section 24(b), to wit: the defendants, **LARRY CARLTON JENKINS and ANNIE ELIZABETH JENKINS**, represented on claims submitted to CSG Administrators, on the dates shown below, that the drugs, reflected on such claims, were non-compounded inhalation drugs, when in truth and in fact, the defendants, **LARRY CARLTON JENKINS and ANNIE ELIZABETH JENKINS,** knew that the inhalation drugs provided to patients were compounded by employees of AVAILABLE MEDICAL SUPPLIES, INC.

| CT | SERVICE DATE | CPT CODE | CLAIM NO. | AMOUNT BILLED |
|----|--------------|----------|-----------|---------------|
| 5  | 07/18/2010   | J7626    | 10211713190000 | $349.42 |
| 6  | 07/16/2010   | J7626    | 10208735036000 | $349.42 |
| 7  | 07/18/2010   | J7614    | 10211713190000 | $138.24 |

All in violation of Section 1035(a)(1) & (2) and 2, Title 18, United States Code.

### NOTICE OF INTENT TO SEEK CRIMINAL FORFEITURE

As a result of committing the offenses as alleged in this Indictment, the defendants shall forfeit to the United States all property involved in or traceable to property involved in the offenses, including but not limited to all proceeds obtained directly or indirectly from the offenses. Further, if any property described above, as a result of any act or omission of the defendants: (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property, which cannot be divided without difficulty, then it is the intent of the United States to seek a judgment of forfeiture of any other property of the defendant, up to the value of the property described in this notice or any bill of particulars supporting it.

All pursuant to Section 982(a)(7), Title 18, United States Code.

                                                           GREGORY K. DAVIS

A TRUE BILL:                              United States Attorney

s/ signature redacted
_____
Foreperson of the Grand Jury

      This indictment was returned in open court by the foreperson or deputy foreperson of the grand jury on this the 23rd day of June, 2015.

                                                           UNITED STATES MAGISTRATE JUDGE